# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TITO McGILL, | : |
|     Petitioner | : |
| | :   CIVIL NO. 3:CV-16-0562 |
|     v. | : |
| | :   (Judge Caputo) |
| SUPERINTENDENT THOMAS McGINLEY, et *al.*, | : |
|     Respondents | : |

# M E M O R A N D U M

## I. Introduction

The *pro se* Petitioner, Tito McGill, a Pennsylvania inmate has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. McGill challenges his 1996 conviction in the Court of Common Pleas of Dauphin County, Pennsylvania, for first degree murder. He was also convicted of aggravated assault, two counts of robbery, reckless endangerment of another person and four counts of conspiracy. He is serving a sentence of life.

He makes five claims in his habeas petition, all of which challenge his sentence of life without the possibility of parole as violating the Eighth Amendment under *Miller*

*v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).[1]  (ECF No. 1, Pet.)

Along with his habeas petition, Mr. McGill filed a motion to stay these proceedings while he pursues state-court remedies challenging his mandatory life sentence based on the Supreme Court's holdings in *Miller* and *Montgomery*. (ECF No. 2, Mot. to Stay.) The Court ordered Respondents to address the motion to stay. (ECF No. 5, Order.) Respondents filed a Response seeking denial of the motion to stay arguing that the "unmixed" Petition is meritless as Mr. McGill was 19 at the time of his crimes. (ECF No. 8, Resp't Answer to Petr's Mot. to Stay.)

For the reasons set forth below, the Court will deny Mr. McGill's motion to stay and dismiss the Petition without prejudice due to Mr. McGill's failure to exhaust his available state court remedies.

---

[1] In June 2012, the United States Supreme Court ruled in *Miller*, *supra*, that the imposition of a sentence of mandatory life imprisonment without possibiity of parole upon a juvenile offender violated the Eighth Amendment to the United States Constitution. On January 25, 2016, the United States Supreme Court held that *Miller's* prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule that, under the Constitution, is retroactive in cases on state collateral review. *See Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 18, 193 L.Ed.2d 599 (2016).

**II.     Relevant Background**[2]

On December 14, 1995, Roberto Vasquez was shot to death in Harrisburg, Pennsylvania. On August 9, 1996, Tito McGill was convicted by a jury of one count of murder in the second degree, two counts of robbery, three counts of criminal conspiracy, and one count of reckless endangerment of another person. He was sentenced on August 27, 1996, to a term of life imprisonment. Mr. McGill was also sentenced to an aggregate term of 26 to 52 years on the remaining charges, to run concurrent with the sentence of life imprisonment. *Commonwealth v. McGill*, No. 914 C.D. 1996, 2002 WL 34400890 (Dauphin Ct. Com. Pl., Jul. 13, 2002).

Mr. McGill filed a timely direct appeal with the Superior Court of Pennsylvania, which affirmed the judgment of sentence on March 18, 1999. *Commonwealth v. McGill*, 737 A.2d 1276 (Pa. Super. 1999) (Table, No. 00776 HBG 97) (unpublished memorandum). The Pennsylvania Supreme Court denied Mr. McGill's Petition for Allocatur on July 13, 1999. *Commonwealth v. McGill*, 559 Pa. 715, 740 A.2d 1145 (Pa. 1999) (Table, No. 0377 M.D. Alloc. 1999). Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court.

On April 18, 2000, Mr. McGill filed his first petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA). 42 PA. CON. STAT. ANN. §§ 9541 - 9546. On August 27, 2002 the PCRA court dismissed the petition. The superior court

---

[2] The court takes judicial notice of Mr. McGill's electronic criminal docket sheet in *Commonwealth v. McGill*, CP-22-CR-0001336-1996 (Dauphin Cty Ct. C.P.), found at http://ujsportal.pacourts.us.

denied Mr. McGill's appeal on August 6, 2003. *See Commonwealth v. McGill*, 833 A.2d 1148 (Pa. Super. 2003) (Table, No. 1542 MDA 2002). Mr. McGill's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on September 23, 2004. *See Commonwealth v. McGill*, 580 Pa. 689, 859 A.2d 768 (Pa. 2004) (Table, No. 647 MAL 2003).

On August 13, 2012, Mr. McGill filed a second *pro se* PCRA petition challenging his first-degree murder sentence of life without parole based on *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). He filed a counseled supplemental petition on March 14, 2016. On March 10, 2017, the PCRA court denied Mr. McGill's petition for post-conviction collateral relief. Petitioner filed a notice of appeal in the Superior Court on April 27, 2017. *See Commonwealth v. McGill*, 708 MDA 2017 (Pa. Super.), available at http://ujsportal.pacourts.us. Mr. McGill's appeal of the denial of his second PCRA is currently pending before the Pennsylvania Superior court.

The issues raised in Mr. McGill's habeas petition exclusively deal with his belief that *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), invalidates his sentence of life without parole as he was a juvenile at the time he committed the underlying offenses. Respondent argues that Mr. McGill was not a juvenile at the time he committed murder, he was 19. (ECF No. 8, Response.) The government also confirms that Mr. McGill's has pending in state court a post-conviction relief act petition which raises this legal claim and provides the state courts with the

vehicle for making factual findings on this crucial threshold question, a factual issue which is a prerequisite to post-conviction relief under *Miller* and *Montgomery.*

III.     **Legal Standard**

A habeas petitioner challenging a state conviction must first attempt to present his claim in state court.  28 U.S.C. § 2254(b); *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 787, 178 L.Ed2d 624 (2011).  This means that the petitioner must fully and fairly present each federal claim through one full round of state court review before filing a federal habeas petition.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 - 48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Robinson v. Beard,* 762 F.3d 316, 328 (3d Cir. 2014).  The purpose of the exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition.  *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).  It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding.  (*Id.*)  However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available

procedure, the question presented.[3] *See* 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).  Consequently, as a general rule, a federal court cannot grant habeas relief to a section 2254 petitioner unless the petitioner has exhausted the remedies "available" in state court as to his federal claims.  *See* 28 U.S.C. § 2254(b)(1)(A); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing section 2254(b)(1)(A)).

**IV.  Discussion**

Mr. McGill's Petition will be dismissed without prejudice.  In light of the Supreme Court's decisions in *Miller* and *Montgomery*, the legal precedent which governs Mr. McGill's second PCRA petition (and his present habeas present habeas petition) is clearly defined.  In order to qualify for relief, Mr. McGill would have to: (1) have committed the offense as a juvenile, i.e. before he turned 18 years of age; and (2) have received a mandatory sentence of life without parole.  It is clear from the face of the Petition, and confirmed by Respondent, and the Court that Mr. McGill filed a PCRA petition addressing his *Miller* claims that overlap the issues raised in his present Petition.  The trial court ruled on his second PCRA petition in March 2017 and Petitioner's appeal is presently pending with the Pennsylvania Superior Court.  It is clear

---

[3] On May 9, 2000, the Pennsylvania Supreme Court issued Order 218, which eliminated the need of Pennsylvania criminal defendants to seek discretionary review in that court to exhaust state court remedies.  Order 218 "renders review from the Pennsylvania Supreme Court unavailable for purposes of exhausting state court remedies under 2254(c)". *Boyd v. Waymart,* 579 F.3d 330, 368 (3d Cir. 2009) (quoted case and internal quotation marks omitted).

that the state court exhaustion of the question of whether Mr. McGill was a juvenile at the time of his offense is both necessary and appropriate. Thus, Petitioner has not yet exhausted his state court remedies and the Petition will be dismissed. Further, as noted by Respondent in their response to the motion to stay, a stay in this matter is not appropriate under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). As the Court in *Rhines* determined, a stay-and-abey approach should not be taken if the petitioner's unexhausted claim is "plainly meritless." *Id*. at 277, 125 S.Ct. at 1535. It appears that Mr. McGill, who was born on May 1, 1976, committed a murder in December 1995. Accordingly, Mr. McGill was 19 as Respondent suggests. Mr. McGill does not dispute that fact. Rather, he argues that the law expressed in *Miller* should be extended to others, like himself, who are only slightly passed the age of majority. (ECF No. 9, Reply.) Additionally, because Mr. McGill has not exhausted any of the claims contained in his petition he is not in danger of losing timely exhausted claims.

As Petitioner has clearly failed to exhaust his state court remedies, this petition will be dismissed and the motion to stay denied. The dismissal is without prejudice to Mr. McGill's right to pursue federal habeas corpus relief upon complete exhaustion of his available state court remedies.

**V. Conclusion**

Based on the foregoing, the Court will dismiss Mr. McGill's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice and deny his motion to stay these proceedings.

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003). The court has concluded that the instant Petition does not warrant habeas relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability because Mr. McGill has not made a substantial showing of the denial of his constitutional rights. *See Slack v. McDaniel*, 529 U.S. 473, 483 - 84, 120 S.Ct. 1595, 1603 - 04, 146 L.Ed.2d 542 (2000).

Mr. McGill is advised that he has the right for thirty (30) days to appeal this court's order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the court's denial of a certificate of appealability does not prevent

him from doing so, as long as he also seeks a certificate of appealability from the Third Circuit Court of Appeals.  See Fed. R. App. P. 22; Local Rule of App. P. 22.1.

An appropriate Order follows.


/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

**DATE:  August 4, 2017**